Mr. Justice MILLER
delivered the opinion of the court.
The plaintiff, who sues as heir-at-law of the grantors, main *294 tains that the condition contained in the deed from Mead to Lawrence, is a condition subsequent which has not been performed, and having tendered the money received by them, he now claims the right to recover the land.
It must be conceded that the language of the deed amounts to a condition subsequent, and as no point was made in the trial as to the sufficiency of the tender, the ouly question before us is whether the condition was performed.
That condition was, that a permanent location of the Institute on the land should be made between the date of the deed and the same day of the succeeding year. The location, then, whatever may have been its character, was something which could have been done and completed within one year. If it was done within that time the plaintiff’s right of reverter was gone. If it was not done withiu the year, he could refund the money and recover the land. His right, on. whatever it depended, must have been complete on the 7th day of September, 1848, for within that time the condition was to be performed.
The thing to be done was the location of the Institute. Did this mean that all the buildings which the institution might ever need were to be built within that time, or did it mean that the officers of the institution were to determine, in good faith, the place where the buildings for its use should be erected ? It is clear to us that the latter was the real meaning of the parties, and that when the trustees passed their resolution locating the building on the land, with the intention that it should be the permanent place of conducting the business of the corporation, they had permanently located the Institute within rhe true construction of the contract.
Counsel for the plaintiff attach to the word “permanent,” in this connection, a meaning inconsistent with the obvious intent of the parties, that the condition was one which might be fully performed within a year. Such a construction is something more than a condition to locate. It is a covenant to build and rebuild; a covenant against removal at any time; a covenant to keep up an institution of learning on that land *295 forever, or for a very indefinite time. This could not have been the intention of the parties.
We are of opinion that the testimony shows, in any view that can be taken of it, that the condition was fully complied with and performed, and with it passed all right of reversion to the grantor or his heirs.
The rulings of the Circuit Court to which exceptions were taken were in conformity to these views, and its
Judgment is. affirmed.